UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------

LAURA CASADIEGO; JENNIFER EBERHARDT;
MARIA MEDAKOVICH; ALYSSA MORAN;
SINEAD SCANLON; THOMAS SIMANO for the Estate
of DAWN E. SIMANO; PETER TIUTIUNNYK;
INTEFADA WARDIA-DELEON; and
YOLONDA WILLIAMS

|  |  |
|---|---|
| Plaintiffs, | COMPLAINT |
| -against- | Civil Action No. |
| BUFFALO PUBLIC SCHOOLS,<br>BOARD OF EDUCATION OF THE<br>BUFFALO PUBLIC SCHOOLS, and<br>DR. TONJA WILLIAMS as Superintendent of the<br>Buffalo City School District, | JURY TRIAL DEMANDED |
| Defendants |  |

------------------------------------------

Plaintiffs, LAURA CASADIEGO, JENNIFER EBERHARDT, MARIA MEDAKOVICH, ALYSSA MORAN, SINEAD SCANLON, THOMAS SIMANO FOR THE ESTATE OF DAWN SIMANO, PETER TIUTIUNNYK, INTEFADA WARDIA-DELEON AND YOLONDA WILLIAMS, by their attorneys Jenna S. Burke, Esq and Andrea A. Wanner, Esq., of counsel to ROBERT T. REILLY, ESQ., for their Complaint against Defendants BUFFALO PUBLIC SCHOOLS, BOARD OF EDUCATION OF THE BUFFALO PUBLIC SCHOOLS, DR. TONJA WILLIAMS-KNIGHT as Superintendent of the Buffalo Public Schools, collectively, "Defendants" or "District," allege as follows:

## NATURE OF ACTION

1. This civil action is brought to remedy unlawful interference with Plaintiffs' rights pursuant to the Family and Medical Leave Act ("FMLA").

2. Plaintiffs seek an award of monetary damages for the economic losses caused by the Defendant's violations of Section 105(a)(1-2) of the Family and Medical Leave Act, liquidated damages, punitive damages, reasonable attorney's fees, costs of this action and any such other and further relief this court deems just and equitable.

## THE PARTIES

3. Plaintiff LAURA CASADIEGO, is a resident of the County of Erie within the State of New York and, at all times relevant to this complaint, was an employee of the District and a member of a collective bargaining unit represented by the Buffalo Teachers Federation.

4. Plaintiff JENNIFER EBERHARDT is a resident of the County of Erie within the State of New York and, at all times relevant to this complaint, is an employee of the District and a member of a collective bargaining unit represented by the Buffalo Teachers Federation.

5. Plaintiff MARIA MEDAKOVICH is a resident of the County of Erie within the State of New York and, at all times relevant to this complaint, is an employee of the District and a member of a collective bargaining unit represented by the Buffalo Teachers Federation.

6. Plaintiff ALYSSA MORAN, is a resident of the County of Erie within the State of New York and, at all times relevant to this complaint, is an employee of the District and a member of a collective bargaining unit represented by the Buffalo Teachers Federation.

7. Plaintiff SINEAD SCANLON, is a resident of the County of Erie within the State of New York and, at all times relevant to this complaint, is an employee of the District and a member of a collective bargaining unit represented by the Buffalo Teachers Federation.

8. Plaintiff THOMAS SIMANO for the Estate of DAWN E. SIMANO, is a resident of the County of Erie within the State of New York. At all times relevant to this complaint,

DAWN E. SIMANO was an employee of the District and a member of a collective bargaining unit represented by the Buffalo Teachers Federation.

9. Plaintiff PETER TIUTIUNNYK is a resident of the County of Erie within the State of New York and, at all times relevant to this complaint, is an employee of the District and a member of a collective bargaining unit represented by the Buffalo Teachers Federation.

10. Plaintiff INTEFADA WARDIA-DELEON is a resident of the County of Erie within the State of New York and, at all times relevant to this complaint, is an employee of the District and a member of a collective bargaining unit represented by the Buffalo Teachers Federation.

11. Plaintiff YOLONDA WILLIAMS is a resident of the County of Erie within the State of New York and, at all times relevant to this complaint, is an employee of the District and a member of a collective bargaining unit represented by the Buffalo Teachers Federation.

12. Defendant BUFFALO PUBLIC SCHOOLS is the city school district for the City of Buffalo, within Erie County of the State of New York and has its principal place of business located at 712 City Hall, 65 Niagara Square, Buffalo, New York, 14202.

13. Defendant BOARD OF EDUCATION OF THE BUFFALO PUBLIC SCHOOLS is the governing body of the Buffalo City School District and has its principal place of business located at 712 City Hall, 65 Niagara Square, Buffalo, New York, 14202.

14. Defendant DR. TONJA WILLIAMS-KNIGHT as Superintendent of the Buffalo Public Schools is superintendent and chief executive officer of the Buffalo City School District and has her principal place of business located at 712 City Hall, 65 Niagara Square, Buffalo, New York, 14202.

## JURISDICTION AND VENUE

15. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 because the subject matter arises under the Constitution and laws of the United States.

16. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## FACTUAL BACKGROUND RELEVANT TO PLAINTIFFS' CAUSE OF ACTION

17. The Buffalo Teachers Federation ("BTF") is a labor organization under federal law, a non-for-profit corporation organized under the laws of the State of New York. and is an employee organization within the meaning of Article 14 of the New York State Civil Service Law.

18. BTF is the exclusive collective negotiations representative for a bargaining unit that includes teachers employed by the Buffalo Public Schools.

19. BTF and the Buffalo Public Schools have been parties to successive collective bargaining agreements applicable to the bargaining unit represented by BTF, including the teachers.

20. On or about April 21, 2023, the BTF and the Buffalo Public Schools entered into a collective bargaining agreement ("Agreement") with an expiration date of June 30, 2026.

21. Article XXV of that Agreement states, in part, "[e]ffective upon ratification, active, full-time teachers and psychologists employed by the District at the time of ratification of this agreement that were hired by the District prior to January 1, 2023 shall receive a one (1) time bonus in the amount of 10% of their new annual salary upon ratification within sixty (60) days of ratification."

22. That one-time bonus is known as the Ratification Bonus.

23. Ratification of that Agreement took place on or about April 24, 2023.

24. That ratification triggered the Ratification Bonus.

**CASADIEGO**

25. Plaintiff LAURA CASADIEGO was a full-time teacher employed by the District at the time of ratification of the Agreement.

26. She was hired by the District prior to January 1, 2023.

27. She was continuously employed by the District from her date of hire through and including the time of ratification of the Agreement.

28. She had not retired from the District, been laid off by the District, or otherwise severed her employment with the District at the time of ratification of the Agreement.

29. She was an active full-time teacher employed by the District at the time of ratification of the Agreement.

30. Pursuant to the Agreement, she was eligible and entitled to receive the Ratification Bonus.

31. She had requested a leave from the District pursuant to the Family and Medical Leave Act ("FMLA") in or about March 2023, prior to ratification of the Agreement.

32. The District approved that request for FMLA leave.

33. At the time of ratification of the Agreement, she was on approved FMLA leave.

34. She returned, attempted or intended to return from FMLA leave and was employed as a full-time teacher by the District.

35. The District did not pay her the Ratification Bonus.

36. The District denied her the Ratification Bonus because she was on FMLA leave at the time of ratification.

**EBERHARDT**

37. Plaintiff JENNIFER EBERHARDT was a full-time teacher employed by the District at the time of ratification of the Agreement.

38. She was hired by the District prior to January 1, 2023.

39. She was continuously employed by the District from her date of hire through and including the time of ratification of the Agreement.

40. She had not retired from the District, been laid off by the District, or otherwise severed her employment with the District at the time of ratification of the Agreement.

41. She was an active full-time teacher employed by the District at the time of ratification of the Agreement.

42. Pursuant to the Agreement, she was eligible and entitled to receive the Ratification Bonus.

43. She had requested a leave from the District pursuant to the Family and Medical Leave Act ("FMLA") in or about March 2023, prior to ratification of the Agreement.

44. The District approved that request for FMLA leave.

45. At the time of ratification of the Agreement, she was on approved FMLA leave.

46. She later returned from FMLA leave and continued to work as a full-time teacher employed by the District.

47. The District did not pay her the Ratification Bonus.

6

48. The District denied her the Ratification Bonus because she was on FMLA leave at the time of ratification.

**MEDAKOVICH**

49. Plaintiff MARIA MEDAKOVICH was a full-time teacher employed by the District at the time of ratification of the Agreement.

50. She was hired by the District prior to January 1, 2023.

51. She was continuously employed by the District from her date of hire through and including the time of ratification of the Agreement.

52. She had not retired from the District, been laid off by the District, or otherwise severed her employment with the District at the time of ratification of the Agreement.

53. She was an active full-time teacher employed by the District at the time of ratification of the Agreement.

54. Pursuant to the Agreement, she was eligible and entitled to receive the Ratification Bonus.

55. She had requested a leave from the District pursuant to the Family and Medical Leave Act ("FMLA") in or about January 2023, prior to ratification of the Agreement.

56. The District approved that request for FMLA leave.

57. At the time of ratification of the Agreement, she was on approved FMLA leave.

58. She continues to be on leave for her medical condition, but intends to return from leave at some point in the future and continue to work as a full-time teacher employed by the District.

59. The District did not pay her the Ratification Bonus.

60. The District denied her the Ratification Bonus because she was on FMLA leave at the time of ratification.

**MORAN**

61. Plaintiff ALYSSA MORAN was a full-time psychologist employed by the District at the time of ratification of the Agreement.

62. She was hired by the District prior to January 1, 2023.

63. She was continuously employed by the District from her date of hire through and including the time of ratification of the Agreement.

64. She had not retired from the District, been laid off by the District, or otherwise severed her employment with the District at the time of ratification of the Agreement.

65. She was an active full-time teacher employed by the District at the time of ratification of the Agreement.

66. Pursuant to the Agreement, she was eligible and entitled to receive the Ratification Bonus.

67. She had requested a leave from the District pursuant to the Family and Medical Leave Act ("FMLA") in or about April 2023, prior to ratification of the Agreement.

68. The District approved that request for FMLA leave.

69. At the time of ratification of the Agreement, she was on approved FMLA leave.

70. She later returned from FMLA leave and continued to work as a full-time teacher employed by the District.

71. The District did not pay her the Ratification Bonus.

72. The District denied her the Ratification Bonus because she was on FMLA leave at the time of ratification.

**SCANLON**

73. Plaintiff SINEAD SCANLON was a full-time teacher employed by the District at the time of ratification of the Agreement.

74. She was hired by the District prior to January 1, 2023.

75. She was continuously employed by the District from her date of hire through and including the time of ratification of the Agreement.

76. She had not retired from the District, been laid off by the District, or otherwise severed her employment with the District at the time of ratification of the Agreement.

77. She was an active full-time teacher employed by the District at the time of ratification of the Agreement.

78. Pursuant to the Agreement, she was eligible and entitled to receive the Ratification Bonus.

79. She had requested a leave from the District pursuant to the Family and Medical Leave Act ("FMLA") in or about April 2023, prior to ratification of the Agreement.

80. The District approved that request for FMLA leave.

81. At the time of ratification of the Agreement, she was on approved FMLA leave.

82. She later returned from FMLA leave and continued to work as a full-time teacher employed by the District.

83. The District did not pay her the Ratification Bonus.

84. The District denied her the Ratification Bonus because she was on FMLA leave at the time of ratification.

**SIMANO**

85. DAWN SIMANO was a full-time teacher employed by the District at the time of ratification of the Agreement.

86. She was hired by the District prior to January 1, 2023.

87. She was continuously employed by the District from her date of hire through and including the time of ratification of the Agreement.

88. She had not retired from the District, been laid off by the District, or otherwise severed her employment with the District at the time of ratification of the Agreement.

89. She was an active full-time teacher employed by the District at the time of ratification of the Agreement.

90. Pursuant to the Agreement, she was eligible and entitled to receive the Ratification Bonus.

91. She had requested a leave from the District pursuant to the Family and Medical Leave Act ("FMLA") in or about April 2023, prior to ratification of the Agreement.

92. The District approved that request for FMLA leave.

93. At the time of ratification of the Agreement, she was on approved FMLA leave.

94. The District did not pay her the Ratification Bonus.

95. The District denied her the Ratification Bonus because she was on FMLA leave at the time of ratification.

**TIUTIUNNYK**

96. Plaintiff PETER TIUTIUNNYK was a full-time teacher employed by the District at the time of ratification of the Agreement.

97. He was hired by the District prior to January 1, 2023.

98. He was continuously employed by the District from his date of hire through and including the time of ratification of the Agreement.

99. He had not retired from the District, been laid off by the District, or otherwise severed his employment with the District at the time of ratification of the Agreement.

100. He was an active full-time teacher employed by the District at the time of ratification of the Agreement.

101. Pursuant to the Agreement, he was eligible and entitled to receive the Ratification Bonus.

102. He had requested a leave from the District pursuant to the Family and Medical Leave Act ("FMLA") in or about February 2023, prior to ratification of the Agreement.

103. The District approved that request for FMLA leave.

104. At the time of ratification of the Agreement, he was on approved FMLA leave.

105. He later returned from FMLA leave and continued to work as a full-time teacher employed by the District.

106. The District did not pay him the Ratification Bonus.

107. The District denied him the Ratification Bonus because he was on FMLA leave at the time of ratification.

**WARDIA-DELEON**

108. Plaintiff INTEFADA WARDIA-DELEON was a full-time teacher employed by the District at the time of ratification of the Agreement.

109. She was hired by the District prior to January 1, 2023.

110. She was continuously employed by the District from her date of hire through and including the time of ratification of the Agreement.

111. She had not retired from the District, been laid off by the District, or otherwise severed her employment with the District at the time of ratification of the Agreement.

112. She was an active full-time teacher employed by the District at the time of ratification of the Agreement.

113. Pursuant to the Agreement, she was eligible and entitled to receive the Ratification Bonus.

114. She had requested a leave from the District pursuant to the Family and Medical Leave Act ("FMLA") in or about April 2023, prior to ratification of the Agreement.

115. The District approved that request for FMLA leave.

116. At the time of ratification of the Agreement, she was on approved FMLA leave.

117. She later returned from FMLA leave and continued to work as a full-time teacher employed by the District.

118. The District did not pay her the Ratification Bonus.

119. The District denied her the Ratification Bonus because she was on FMLA leave at the time of ratification.

**WILLIAMS**

120. Plaintiff YOLONDA WILLIAMS was a full-time teacher employed by the District at the time of ratification of the Agreement.

121. She was hired by the District prior to January 1, 2023.

122. She was continuously employed by the District from her date of hire through and including the time of ratification of the Agreement.

123. She had not retired from the District, been laid off by the District, or otherwise severed her employment with the District at the time of ratification of the Agreement.

124. She was an active full-time teacher employed by the District at the time of ratification of the Agreement.

125. Pursuant to the Agreement, she was eligible and entitled to receive the Ratification Bonus.

126. She had requested a leave from the District pursuant to the Family and Medical Leave Act ("FMLA") in or about March 2023, prior to ratification of the Agreement.

127. The District approved that request for FMLA leave.

128. At the time of ratification of the Agreement, she was on approved FMLA leave.

129. She later returned from FMLA leave and continued to work as a full-time teacher employed by the District.

130. The District did not pay her the Ratification Bonus.

131. The District denied her the Ratification Bonus because she was on FMLA leave at the time of ratification.

132. Because plaintiffs were on approved FMLA leave at the time of ratification of the Agreement, Defendants denied them the Ratification Bonus.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Interference with Rights in Violation of Section 105(a)(1-2) of the Family and Medical Leave Act)**

133. Section 105(a)(1-2) of the Family and Medical Leave Act states that "it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this title."

134. And it is unlawful for any employer to discharge, or in any other manner, discriminate against any individual for opposing any practice that is unlawful under the Act.

135. Under the FMLA, upon their return from FMLA leave, plaintiffs were entitled to be restored to equivalent employment benefits, pay, and other terms and conditions of employment as they had prior to their leave.

136. Plaintiffs' substantive right to equivalent employment benefits and pay extends to protect their right to pay or benefits — including non-discretionary bonuses not linked to performance goals — that they would have been entitled to but for the taking of FMLA leave.

137. Plaintiffs were all full-time teachers and/or psychologists hired by the District prior to January 1, 2023 and employed by the District at the time of ratification, and thus entitled to receive the Ratification Bonus.

138. Defendants refused to pay Plaintiffs the Ratification Bonus.

139. Upon information and belief, Defendants paid the Ratification Bonus to all active, full-time teachers and/or psychologists who were not on FMLA leave(s) at the time of ratification.

140. Because plaintiffs took FMLA leave, Defendants did not pay them the Ratification Bonus, resulting in the loss of pay and benefits to which Plaintiffs would have otherwise been entitled absent the requesting and taking of the FMLA leave.

141. Based upon the intentional interference of Plaintiffs' rights guaranteed by FMLA, Defendants violated Section 105(a)1-2) of the Family and Medical Leave Act.

142. Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial in this action.

**WHEREFORE**, Plaintiffs LAURA CASADIEGO, JENNIFER EBERHARDT, MARIA MEDAKOVICH, ALYSSA MORAN, SINEAD SCANLON, THOMAS SIMANO FOR THE ESTATE OF DAWN SIMANO, PETER TIUTIUNNYK, INTEFADA WARDIA-DELEON AND YOLONDA WILLIAMS demand judgment against Defendants BOARD OF EDUCATION OF THE BUFFALO PUBLIC SCHOOLS, DR. TONJA WILLIAMS-KNIGHT as Superintendent of the Buffalo Public Schools and the BUFFALO PUBLIC SCHOOL DISTRICT as follows:

A. Compensatory damages on their First Cause of Action in an amount equal to 10% of their new annual salary as of April 24, 2023;

B. Attorney's fees, costs, and disbursements of this action; and

C. For such other and further relief as the Court may deem to be just, equitable and proper.

Dated: April 15, 2025
      Williamsville, New York

                        ROBERT T. REILLY, ESQ.

                        *Attorney for Plaintiffs*
                        270 Essjay Road
                        Williamsville, NY  14221
                        Tel. No. (716) 304-0452
                        email: Jenna.Burke@nysut.org

By: *[signature: Jenna S. Burke]*
                        JENNA S. BURKE
                        ANDREA A. WANNER
                        Of Counsel